IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No: 3:17-cr-00044 |
| | ) | Chief Judge Crenshaw |
| BENJAMIN ALEXANDER FAULKNER | ) | |

**POSITION OF THE GOVERNMENT
REGARDING PRESENTENCE REPORT**

The government has reviewed the revised pre-sentence report for defendant Benjamin Faulkner and has one substantive objection to calculation of the Sentencing Guidelines, which was communicated to the Probation Officer on July 19.

Paragraph 42 increases the offense level by only 3 levels under U.S.S.G. §3B1.1(b) for the defendant having been "a manager" or "supervisor." The offense level should instead be increased by 4 levels under U.S.S.G. §3B1.1(a) because "the defendant was an organizer or leader of a criminal activity that involved five or more participants." Faulkner was a co-administrator of The Giftbox Exchange (Website A), which boasted thousands of members, warranting the 4-level increase. This is the highest level of authority on Giftbox, thus it is akin to being an organizer or leader, whereas being a moderator—a lower level than administrator—is akin to being a manager or supervisor that would warrant only a 3-level increase. *See* U.S.S.G. §3B1.1, application note, background ("The commission's intent is that this adjustment should increase with both the size of the organization and the degree of the defendant's responsibility."). According to Falte's interview at his arrest, Faulkner was one of only four known administrators of Giftbox, indicating that Faulkner had a unique role.

Faulkner's administrative role on Giftbox is sufficient to support the 4-level enhancement. Howver, the Court should also consider that Faulkner created and was the administrator of Child's

1

Play (Website B) and another website called PPC (Private Pedo Club) during the same time period he was an administrator on Giftbox. In his interview with law enforcement the day of the rest, Faulkner even says: "I have to manage two websites . . . the workload was intense." He also admits to paying for the Child's Play server and to vetting the applications for PPC.

Faulkner's leadership roles on these sites are relevant conduct. Because the offense level for engaging in a child exploitation enterprise is determined largely on the basis of the total harm, this count groups under §3D1.2(d). The Court should therefore apply the broader definition of relevant conduct which includes all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. §1B1.3(a)(2). "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose or similar modus operandi . . . Offenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. §1B1.3(a)(2), application note 5(B). Multiple common factors are present here. There are four websites that are related in this case—Giftbox Exchange, Child's Play, Cache of Cheese Pizza, and Private Pedo Club. These websites had overlapping members, including the defendants here. For example, Falte, Faulkner, and Bedusek were all members of Child's Play. Indeed, Faulkner was an administrator of both Giftbox and Child's Play. The sites also had a common purpose: they were all dedicated to the trading of child pornography. Likewise, they had a similar modus operandi: hosted on Tor to hide their IP addresses and set up as bulletin boards where users posted links to child pornography hosted on file-sharing sites. At the very least, the defendants' participation in these websites was

2

Case 3:17-cr-00044   Document 167   Filed 07/26/19   Page 2 of 4 PageID #: 715

part of an "ongoing series of offenses. *See id.*

If the Court were to consider this case under the narrower definition of relevant conduct in §1B1.3(a)(1)(A), it should still find that Faulkner's creation and administration of Child's Play is relevant conduct. Under that definition, relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction." §1B1.3(a)(1)(A). Engaging in a child exploitation enterprise is a broad offense. It encompasses all manner of violations of the child-pornography statutes, and nothing in the statute limits the offense to one particular website. Because Faulkner was creating and administering Child's Play at the same time he was involved in Giftbox, this should be considered "acts . . . committed . . . during the commission of the offense of conviction" and count as relevant conduct. *See id.*

Faulkner's total offense level should therefore be 42.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

s/ *Lauren E. Britsch*
LAUREN E. BRITSCH
Trial Attorney
Child Exploitation & Obscenity Section
Criminal Division, U.S. Dep't of Justice

S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151

3

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that I have electronically filed the above styled pleading with the clerk of the court on July 26, 2019, by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                 s/ *Lauren E. Britsch*
                 LAUREN E. BRITSCH

4

Case 3:17-cr-00044   Document 167   Filed 07/26/19   Page 4 of 4 PageID #: 717